IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND ALAN CURTIN,            *

   v.                                                *      CIVIL ACTION NO. DKC-12-0032

J. P. MORGAN, et al.                 *
******

## MEMORANDUM OPINION

On November 29, 2011, Petitioner Raymond Alan Curtin filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for armed robbery and related offenses entered in 2004[1] by the Circuit Court for Prince George's County.  ECF No. 1.  On April 10, 2012, Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 6.  Petitioner was advised of his opportunity to file a reply. ECF No. 7.  Petitioner has replied. ECF Nos. 8 & 9.

Petitioner was convicted on December 17, 2003, after a jury trial presided over by the Honorable Toni Clarke, in the Circuit Court for Prince George's County, of armed robbery, robbery, assault, conspiracy to commit armed robbery and handgun offenses.  ECF No. 6, Ex. 1.  He was sentenced on February 19, 2004, to a term of incarceration of 25 years without parole, plus five years supervised probation.  *Id.*, Ex.1 & 2.  Petitioner noted a timely appeal.  His conviction was affirmed by the Maryland Court of Special Appeals in a reported opinion filed October 7, 2005. *Curtin v. State*, 165 Md.App. 60 (2005).  The judgment was affirmed in a reported opinion filed on July 31, 2006, by the Maryland Court of Appeals. *Curtin v. State,* 393 Md. 593 (2006).  Petitioner did not seek review in the United States Supreme Court.  ECF No. 1.

On December 3, 2009, Petitioner filed a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*.  A hearing on the petition was held on March 8, 2011.  Relief was denied on March 18, 2011.

Petitioner's application for leave to appeal the post-conviction ruling remains pending in the Court of Special Appeals of Maryland.  ECF No. 1.

Title 28 U. S. C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

The statute of limitations began to run in Petitioner's case on October 30, 2006, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.  *See* Sup. Ct. Rule 13. 1.  Over three years passed between the date when Petitioner's conviction became final and the filing for post-conviction relief on December 3, 2009.[3]

---

[1] The Petition, docketed on January 3, 2012, is dated November 29, 2011 and is deemed filed on that date.

[2] This section provides:
> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] Petitioner's only properly filed motion for modification of sentence was filed on March 10, 2004 and denied on April 9, 2004. ECF No. 6, Ex. 1  *See Wall v. Kholi*, ____ U.S. ____, 131 S.Ct.1278, 1286 (2011) (holding motion to reduce sentence filed pursuant to Rhode Island law, by state prisoner as a post-conviction motion not part of the direct review process and which required a reexamination of prisoner's sentence qualified a motion for "collateral review" that tolled the one-year statute of limitations under AEDPA.).

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[4]

Petitioner indicates he is self-represented and lacks knowledge of the law. He notes that he has diligently attempted to exhaust all of his state court remedies and promptly filed the instant case after denial of post-conviction relief in the state court. ECF Nos. 8 & 9. Petitioner's self-represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find Petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339.

---

Petitioner filed a second motion for modification of sentence on March 21, 2007, which the trial judge noted "no action at this time." ECF No. 6, Ex. 1. He also filed numerous letters in his case—some apparently requesting a reduction of his sentence (each marked on the docket as "no action at this time"), a "motion for appropriate relief", and requests for mental health evaluation, drug treatment programming, the Judge nominate Petitioner for early parole, inquiring as to programs for Petitioner, etc. *Id.*

[4] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).  Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

Date:   June 1, 2012                                                 /s/
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge